**ABF FREIGHT SYSTEMS, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ITEN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1999.
Decided Jan. 11, 2000.

Michael A. Farrell, Harrisburg, for petitioner.

James L. McAneny, Harrisburg, for respondent.

Before DOYLE, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

ABF Freight Systems, Inc., (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) order denying its suspension and modification petitions. Employer presents two issues for our review: First, whether the record contains substantial evidence supporting the Board's affirmance of the WCJ's decision and order; and second, whether the non-union office clerk position offered by Employer is unavailable to an injured union member as a matter of law under the Pennsylvania Supreme Court's decision in *St. Joe Container Co. v. Workmen's Compensation Appeal Board (Staroschuck)*, 534 Pa. 347, 633 A.2d 128 (1993). For the reasons set forth herein, we affirm.

Robert Iten (Claimant) served as a union dock worker for Employer. On October 17, 1989, Claimant sustained injuries to his right arm, left ankle and right rotator cuff when he fell on the dock. Employer subsequently issued a notice of compensation payable for these injuries and began paying Claimant benefits. On

February 17, 1994, Employer filed a modification petition asserting that its medical expert released Claimant to return to work as an office clerk.[1] Claimant filed an answer declining to accept the position on the basis that the office clerk position also was not within his physical capabilities, and further, that the nonunion status of the position made it unavailable given the resultant loss of his union benefits.

The WCJ conducted several hearings at which Claimant presented his own testimony and that of Barry Moore, M.D., and Dale Crum, a representative of Teamsters Local 776. Claimant testified regarding his work-related injuries, his union membership and the relevant terms and conditions of the Master Freight Agreement (union contract). Dr. Moore testified that he referred Claimant to Richard Boal, M.D., who performed arthroscopic surgery on Claimant's right knee and a nonsurgical procedure on Claimant's right shoulder. Dr. Moore testified that Claimant's injuries were related to his work injury and that the office clerk position was not within Claimant's physical capabilities. Mr. Crum testified that if Claimant accepted the non-union office clerk position he would forfeit his union seniority, pension, insurance, leave benefits and rights under the grievance process.

Employer presented the testimony of J. Joseph Danyo, M.D., Mark Holencik, M.D., John Eppley, a vocational expert, and Steve Walters, Employer's terminal manager. Both Dr. Danyo and Dr. Holencik testified that Claimant was physically capable of performing the office clerk position and that any of Claimant's remaining maladies were not related to his work injury. Mr. Eppley testified that Claimant was vocationally suited for the office clerk position and Mr. Walters testified that the benefits package offered to Claimant exceeded the benefits available through his union membership.

 By decision and order dated January 31, 1997, the WCJ denied Employer's modification petition upon concluding that Employer failed to show job availability pursuant to the standard set forth by the Pennsylvania Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).[2] The WCJ credited Claimant's testimony and found Dr. Moore's testimony more credible than the medical testimony presented by Employer. The WCJ relied on *St. Joe Container*, 534 Pa. at 354–356, 633 A.2d at 131–132, in determining that Employer did not carry its burden of showing job availability since non-union positions are unavailable to un-

1. Prior to filing its modification petition, Employer had filed a suspension petition on August 13, 1993 asserting that Claimant improperly declined to accept its offer of an available line-haul transport operator position. The WCJ consolidated the suspension and modification petitions and received evidence regarding both petitions at hearings conducted during 1993 and 1994. In a decision and order dated January 31, 1997, the WCJ determined that the line-haul operator position was not within Claimant's physical capabilities. Employer did not preserve any issue on appeal regarding the WCJ's disposition of the suspension petition. Accordingly, we shall limit all further discussion in this opinion to the modification petition and the issues that Employer preserved pertaining to the non-union office clerk position.

2. We note that the WCJ's conclusion of law number three makes a single reference indicating that both positions Employer offered to Claimant were not within his physical capabilities. (WCJ Decision, Jan. 31, 1997, Conclusion of Law No. 3, at 6). However, all further discussion of the non-union clerk position indicated that the WCJ's actual basis for denying Employer's modification petition was its offer of a position that was not available to Claimant under *Kachinski*, 516 Pa. 240, 532 A.2d 374, and *St. Joe Container*, 534 Pa. 347, 633 A.2d 128. Additionally, the Board's decision and order pertaining to the modification petition focused exclusively on Employer's failure to offer an available job. (Board Decision, Feb. 9, 1999 at 1–6). Finally, the posture of the parties throughout the appeal process reflects an understanding that the basis for the WCJ's denial of the modification petition was the job availability issue, and we shall proceed accordingly.

ion members as a matter of law. Employer appealed the WCJ's decision and order to the Board, which affirmed by order dated February 9, 1999. The instant appeal followed.[3]

On appeal, Employer first argues that it presented sufficient evidence to carry its burden of showing that it made a valid job offer to Claimant. In rejecting this argument we need only note that our scope of review does not permit such an inquiry. We have repeatedly held that appellate review of evidence presented in workers' compensation proceedings is limited to an examination of whether the record contains substantial competent evidence that a reasonable mind could find adequate to support the WCJ's findings and conclusions. *Schneider National Carriers v. Workers' Compensation Appeal Board,* 738 A.2d 53 (Pa.Cmwlth.1999); *NGK Metals v. Workers' Compensation Appeal Board (Anastasio),* 713 A.2d 123 (Pa. Cmwlth.1998); *Sellari v. Workers' Compensation Appeal Board (NGK Metals Corp.),* 698 A.2d 1372 (Pa.Cmwlth.1997). Accordingly, we may not consider whether the record contains sufficient evidence that could support an alternate result favoring Employer's position. Our review of the record reveals that substantial competent evidence exists which supports the WCJ's determinations.

Employer next argues that the Board erred in affirming the WCJ's determination that it failed to carry its burden of showing job availability in accordance with the standard set forth in *Kachinski,* 516 Pa. 240, 532 A.2d 374. *Kachinski* established the procedure governing the modification of benefits when a claimant is alleg-

edly capable of returning to work and provides as follows:

1. The employer bears the burden of producing medical evidence showing recovery of some or all of the claimant's abilities as demonstrated by evidence of a change in condition;

2. The employer must then produce evidence of a referral to an available job which the claimant is medically cleared to perform;

3. The burden then shifts to the claimant who must follow through on the job offer in good faith;

4. If the offer fails to result in a job, the claimant's benefits should continue.

*Id.* at 251–52, 532 A.2d at 379–80. Employer argues that the WCJ erroneously applied the Supreme Court's decision in *St. Joe Container,* 534 Pa. 347, 633 A.2d 128, when it determined that the non-union office clerk position was unavailable as a matter of law given Claimant's union status. Employer maintains that *St. Joe Container* does not control the instant case since the office clerk position offered to Claimant does not affect his union status. *Id.* We disagree.

*St. Joe Container* involved a factual scenario similar to the instant case where Andrew Staroschuck (Staroschuck), a unionized machine operator, sustained a back injury while in the employ of the St. Joe Container Co. (St. Joe). *Id.* St. Joe offered Staroschuck a non-union shipping clerk position upon determining that the duties of this job were within his physical limitations. Staroschuck declined to accept the shipping clerk position on the basis that he would have to forfeit his union benefits. St. Joe filed a modification

**3.** Our scope of review in a workers' compensation appeal is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Substantial evidence has been defined as such relevant evidence that a reasonable mind might accept as adequate to support a

conclusion. *Jordan v. Workers' Compensation Appeal Board (Consolidated Electrical Distributors),* 550 Pa. 232, 704 A.2d 1063 (1997). The WCJ is sole arbiter of fact, evidentiary weight and credibility, and may accept or reject any testimony in whole or in part. *Hills Department Store # 59 v. Workmen's Compensation Appeal Board (McMullen),* 166 Pa.Cmwlth. 354, 646 A.2d 1272 (1994).

petition asserting that Staroschuck had refused a valid job offer since it included an equivalent benefits package. The Supreme Court determined that the offer of a comparable traditional benefit package relating to vacation, insurance and pension was not commensurate with the complete union benefits package.[4] In affirming the denial of St. Joe's modification petition the Supreme Court stated:

> [St. Joe's] argument fails to dispute the existence of the harsh effect worked upon [Staroschuck] by the threatened forfeiture of seniority, security and other benefits associated with his lengthy union service. Moreover, it essentially asks this Court to recognize "degrees of harshness" with respect to the forfeiture of union status, with the hope that we will determine that the benefits of the non-union shipping clerk position comport with those acquired after lengthy unionized service in a manufacturing position. In this instance, such would be inappropriate, since under the facts of this case, the penalties associated with accepting the shipping clerk position are clearly not tantamount to the benefits and attributes provided by that position.[5]

The result in *St. Joe Container* recognizes the distinction between easily duplicated traditional employment benefits, e.g., compensation, vacation, insurance and pension, and the intangible benefits that are historically only available through union membership, e.g., job security, access to a grievance process and the right to strike. *Id.*

In the case sub judice, Employer contends that it met its *Kachinski* burden of offering Claimant an available position since the benefits package that accompanied the offer of the non-union office clerk position was comparable to Claimant's union benefit package. *Kachinski*, 516 Pa. 240, 532 A.2d 374. Employer maintains that *St. Joe Container* should not be applied as a bright-line rule, but rather, urges this Court to apply a "totality of the circumstances" test when assessing the equivalence of a claimant's union benefits with the benefits package accompanying a non-union job offer. However, the Supreme Court foreclosed such an approach when it declined to engage in a "degrees of harshness" analysis when evaluating the availability of a non-union job offer to a unionized claimant. *St. Joe Container*, at 534 Pa. at 354, 633 A.2d at 131. In rejecting such a benefit by benefit comparison approach, the Supreme Court wisely recognized the pitfalls inherent in attempting to compare "apples and oranges" when evaluating the equivalence of a traditional benefits package and the qualitatively different benefits derived through union membership. Moreover, Employer tacitly recognizes in its appellate brief that there is no substitute for certain union benefits. Employer's brief extensively compares its traditional benefits package offered to Claimant with the corollary benefits available through the union contract, while nev-

---

4. Staroschuck's union contract contained a provision permitting union members to work in a non-union capacity for up to six months without affecting their union status. The *St. Joe Container* Court modified Staroschuck's benefits for the six-month period during which he could have worked without a detriment to his union benefits, and thereafter declared the non-union shipping clerk position unavailable for modification petition purposes. *St. Joe Container*, 534 Pa. 347, 633 A.2d 128. Since the record does not indicate that the union contract at issue here contains an equivalent six-month window provision, this aspect of the *St. Joe Container* decision has no relevance to the case sub judice. *Id.*

5. *St. Joe Container*, 534 Pa. at 354, 633 A.2d at 131. The Supreme Court seemingly placed some significance on Staroschuck's lengthy 36–year union membership in demonstrating the inequitable result derived from forfeiture of his union status. In *Interstate Container Corp. v. Workers' Compensation Appeal Board (Keim)*, 710 A.2d 1249 (Pa.Cmwlth.1998), this Court determined that length of union service is not a valid consideration when evaluating whether to grant a modification petition where a unionized claimant declines an offer of a non-union position.

er discussing how it would compensate Claimant for the loss of his union guaranteed job security, access to a grievance process and the right to strike.

█ Accordingly, since the Supreme Court has determined that there is not a suitable substitute for certain union benefits, a non-union position is unavailable to a unionized claimant as a matter of law even where the employer presents an arguably comparable traditional benefits package.[6] The decision and order of the Board upholding the determination of the WCJ is hereby affirmed.

### ORDER

AND NOW, this 11th day of January, 2000, the order of the Workers' Compensation Appeal Board dated February 9, 1999, is hereby affirmed.

Judge PELLEGRINI concurs in the result only.

---

6. In rejecting Employer's totality of the circumstances approach, we do not embrace its characterization of *St. Joe Container* as a bright line rule rendering all non-union positions unavailable to union members. *St. Joe Container*, 534 Pa. 347, 633 A.2d 128. Rather, we adopt the Supreme Court's preference for a subjective analysis of the entire array of benefits available through union membership when assessing the availability of a non-union position to a unionized claimant under *Kachinski*, 516 Pa. 240, 532 A.2d 374.