**Dennis CAMP, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.

Decided Feb. 28, 2000.

**1220**

Richard R. Di Stefano, Philadelphia, for petitioner.

Kate A. Smith, Philadelphia, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Claimant Dennis Camp petitions for review of the August 2, 1999 order of the Workers' Compensation Appeal Board (Board) affirming the order of Workers' Compensation Judge (WCJ) Thomas G. Devlin granting Employer City of Philadelphia's modification petition on the grounds that there was a job available within Claimant's physical limitations. This case presents the issue of whether another job with the City was actually available to Claimant because his pension status and benefits would change if he returned to work with the City. For the reasons that follow, we vacate the Board's order and remand the case for further findings of fact and conclusions of law.

On November 13, 1985, Claimant sustained a work-related injury to his back while employed by the City's fire department as a battalion chief. A notice of compensation was issued setting his benefits at the rate of $347.00 per week, based on an average weekly wage of $520.50.

On June 10, 1996, the City filed a modification petition therein alleging that, as of March 18, 1996, Claimant failed to return to work with the City at a modified job made available to him and within the restrictions set by board-certified surgeon Dr. Gabriel Rosales. In support of its petition, the City presented the deposition testimony of Peter J. Lento, a certified rehabilitation counselor and a certified case manager.

In order to determine what types of positions would be suitable for Claimant, Mr. Lento performed a transferable skill analysis of Claimant, which Lento considered along with the restrictions set by Dr. Rosales. Although Mr. Lento identified an appropriate job opportunity, that of fire communications dispatcher, Claimant failed to apply for that position.

In addition, the City presented the deposition testimony of Dr. Rosales, who examined Claimant on November 21, 1995. Dr. Rosales testified that, in his opinion, Claimant would not be able to return to work at his former position of battalion chief, but that he would be able to do modified work without repetitive or heavy lifting. Further, Dr. Rosales testified that Claimant could perform the job of fire communications dispatcher.

In opposition to the modification petition, Claimant presented the deposition testimony of Dr. Joseph J. Toland, a board-certified orthopedic surgeon. Dr. Toland first examined Claimant in February of 1998 and diagnosed him as having herniated cervical and lumbar disks with chronic lumbosacral spasm. Dr. Toland opined that Claimant would never be able to return to his former position because his condition will never improve to that extent. Even though Dr. Toland concluded that Claimant requires a sedentary po-

sition, the doctor opined that Claimant could perform the job of dispatcher if he were permitted to get up and move around occasionally.

The WCJ accepted as credible and persuasive the testimony of Drs. Rosales and Toland. Specifically, the WCJ found that the doctors were credible in their determinations that Claimant would be unable to return to his former position, but would be capable of performing the job of fire communications dispatcher. (Finding of Fact No. 10.)

In a May 29, 1997 deposition, Claimant testified that he feels that he would be unable to perform the job of dispatcher due to his inability to sit for any extended period of time. The WCJ found that "Claimant's testimony as to his inability to work even a sedentary position is not accepted as being credible or persuasive." (Finding of Fact No. 11.)

In addition, the WCJ found that the fire communications dispatcher position was available to Claimant and that he failed to act on the job referral in good faith. (Findings of Fact Nos. 12 and 13.) Thus, the WCJ determined that, as of March 18, 1996, the City was entitled to a reduction in compensation payments from $347.00 per week to $68.70 per week. In addition, the WCJ concluded that the City is entitled to a credit of $26,160.20 for the amount of money overpaid to Claimant from March 18, 1996 to the present.

The Board rejected Claimant's arguments that there was insufficient evidence to support the finding that the fire communications dispatcher job was within Claimant's physical restrictions because the WCJ erred in accepting the medical testimony of the City's doctor and in rejecting Claimant's testimony as to his ability to do the job.[1] Claimant is not pursuing those arguments on appeal to this Court. In addition, the Board rejected Claimant's contention that the job was not available to him because he would have to give up his pension benefits if he returned to work as a fire communications dispatcher. Claimant's timely appeal to this Court ensued.

■ Claimant presents one issue on appeal: where Claimant is receiving a pension from Employer and the value of the pension exceeds the proffered position from that same Employer, whether the Board erred in concluding that Employer could modify Claimant's workers' compensation benefits on the basis of a position which, if accepted, would allegedly result in a loss of a substantial benefit to Claimant. We are limited to determining whether constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Sears, Roebuck & Co. v. Workers' Compensation Appeal Board (Lear)*, 707 A.2d 618 (Pa. Cmwlth.1998).

Citing *St. Joe Container Co. v. Workmen's Compensation Appeal Board (Staroschuck)*, 534 Pa. 347, 633 A.2d 128 (1993), Claimant argues that a proffered position is not actually available to a claimant if acceptance of the position would result in the loss of a qualitative benefit to a claimant. In *St. Joe Container*, the claimant was a unionized machine operator who suffered a work-related injury to his back and began receiving total disability benefits. St. Joe Container offered him a newly created non-union salaried position as a shipping clerk, which he was capable of performing with his physical limitations. *See Kachinski v. Workmen's Compensa-*

---

1. The Board noted that whether a claimant is capable of performing a specific job is a question of fact. *Titusville Hosp. v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa. Cmwlth. 619, 552 A.2d 365 (1989). It further noted that a WCJ has the exclusive power to decide questions of credibility and may accept or reject the testimony of any witness, including medical witnesses. *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.)*, 161 Pa.Cmwlth. 497, 637 A.2d 711 (1994). It concluded that disagreement with a WCJ's credibility determinations is not grounds for reversal. *Northeastern Hosp. v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Cmwlth. 164, 578 A.2d 83 (1990).

*tion Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).[2] The claimant refused the position, however, because, as a member of the union representing the employees at the employer's plant, he had attained seniority, security and associated benefits, which would be forfeited if he were to work in a non-union capacity in excess of six months.

The Supreme Court determined that a non-union job was not actually available to the union claimant because acceptance of the job would cause him to lose seniority or other union-related rights. Thus, even though it appeared as though St. Joe Container had met its burden of showing that alternative employment was actually available to claimant and that a reduction in benefits was warranted under *Kachinski*, it was appropriate to go beyond the general *Kachinski* inquiry and "determine whether the job is, in essence, unacceptable for some reason unrelated to the employee's physical abilities or his conduct in connection with a valid job referral, thus rendering it unavailable to the Claimant." *St. Joe Container*, 534 Pa. at 352, 633 A.2d at 130.

Claimant analogizes his situation to that in *St. Joe Container*, contending that the City failed to act in good faith in offering a position with itself which would force him to lose his pension. Claimant contends that the pension is a qualitative benefit to which he contributed and which exceeds by about $5000.00 per year the wages of the proffered fire communications dispatcher job. According to Claimant, the fire dispatcher job would pay $23,000.00 per year and the pension pays $28,000.00 per year. More significant, however, is the alleged

fact that, if Claimant were re-employed by anyone other than the City, his pension would continue.

The Board rejected Claimant's reliance on *St. Joe Container*, noting that the loss of union rights is not at issue in the present case. It noted that, if Claimant returned to a position with the City, it would not entail loss of union privileges and would actually increase his service time for pension annuity calculations. Further, it concluded that *St. Joe Container* does not support Claimant's argument that the fire communications dispatcher position is not available because "Claimant's argument that he would have to give up his retirement status is more consistent with his intention not to actively seek work, which supports the WCJ's finding that he failed to follow up on the referral in good faith." (Board's Decision at 5.)

Contrary to the Board's conclusions, however, the WCJ made no findings of fact as to the effect of the proffered job on Claimant's pension. In addition, the WCJ made no findings as to Claimant's intention not to actively seek work. We note that counsel for Claimant took the deposition of James Kidwell, the City's pension program administrator. (R.R. 12–83a.) The WCJ, however, did not even acknowledge that deposition in his decision, let alone make any findings of fact or conclusions of law.

In addition, we note that this Court recently had another opportunity to apply the Supreme Court's holding in *St. Joe Container*. In *ABF Freight Systems, Inc. v. Workers' Compensation Appeal Board (Iten)*, 744 A.2d 348 (Pa.Cmwlth.2000), this

---

**2.** In *Kachinski,* the Supreme Court set forth the following criteria to govern the modification of benefits when an injured employee is able to return to work:

    1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

    2. The employer must then produce evidence of a referral (or referrals) to a then

open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

    3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

    4. If the referral fails to result in a job then claimant's benefits shall continue.

*Id.* at 252, 532 A.2d at 380.

Court held that "since the Supreme Court has determined that there is not a suitable substitute for certain union benefits, a non-union position is unavailable to a unionized claimant as a matter of law even where the employer presents an arguably comparable traditional benefits package." *Id.*, at 352. We cautioned, however, that,

> [i]n rejecting Employer's totality of the circumstances approach, we do not embrace its characterization of *St. Joe Container* as a bright line rule rendering all non-union positions unavailable to union members.... Rather, we adopt the Supreme Court's preference for a subjective analysis of the entire array of benefits available through union membership when assessing the availability of a non-union position to a unionized claimant under *Kachinski.*

*Id.* at 352 n. 6.

Notwithstanding the fact that *ABF Freight Systems* was not a pension case and involved a union claimant, we commented that the Supreme Court in *St. Joe Container* "recognizes the distinction between easily duplicated traditional employment benefits, e.g., compensation, vacation, insurance and pension, and the intangible benefits that are historically only available through union membership, e.g., job security, access to a grievance process and the right to strike." *ABF Freight Systems*, at 351. In the case at bar, however, there is evidence that the respective pension benefits afforded to persons with the battalion chief job and the fire communications dispatcher job are not easily duplicable in the sense that each job has a different pension plan and a different retirement age. In addition, there is evidence alluding to the detrimental effect on the pension for the battalion chief position if one would return to work with the City at the fire communications dispatcher job.

We do not herein decide whether the case at bar is analogous to *St. Joe Container.* Given the holding in *St. Joe Container*, however, the WCJ must make a determination as to whether the fire communications dispatcher job was actually available to Claimant given the alleged effect on his pension and the alleged magnitude of his sacrifices.

Accordingly, even though union benefits are not at issue in this case, we remand it for specific fact-findings as to the effect of the proffered position on Claimant's battalion chief pension and for a conclusion as to whether the fire communications dispatcher position was actually available to Claimant in light of any detrimental effect on his battalion chief pension. Further, we conclude that, if the WCJ determines that the record is inadequate to render findings and conclusions as to whether the fire communications dispatcher job was actually available to Claimant, he or she shall take further evidence in order to decide that issue.

### *ORDER*

AND NOW, this 28th day of February, 2000, the August 2, 1999 order of the Workers' Compensation Appeal Board is hereby vacated and this case is remanded for further findings and fact, conclusions of law and hearings, if necessary.

Jurisdiction relinquished.

Judge SMITH dissents.