**Linda NEWHOUSE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PJ DICK/TRUMBULL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 22, 2002.

Decided June 5, 2002.

Reargument Denied July 26, 2002.

E. David Harr, Greensburg, for petitioner.

Michael A. Cohen, Pittsburgh, for respondent.

Before SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

### *ORDER*

OPINION BY Senior Judge KELLEY.

AND NOW, this *29th* day of *July,* 2002, it is ordered that the opinion filed June 5, 2002, shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.

Linda Newhouse (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed an order of a workers' compensation judge (WCJ) granting the suspension/modification petition of PJ Dick/Trumbull Corporation (Employer). We affirm.

Claimant was injured in the course and scope of her duties as a heavy equipment operator for Employer on April 3, 1998, when the compactor that Claimant was

operating hit a rock and threw her forward, injuring her neck. Thereafter, Employer and Claimant signed a Notice of Compensation Payable, and Claimant began receiving benefits pursuant to the Pennsylvania Workers' Compensation Act (Act).[1] On July 9, 1998, Claimant underwent surgery for her April 3, 1998 injury.

On September 15, 1999, Employer filed a petition to suspend Claimant's benefits (Petition), alleging that Claimant was able to return to work without restrictions as of August 23, 1999, and was therefore no longer eligible for benefits.[2] Claimant timely answered Employer's Petition, denying the material allegations therein.

By letter dated November 3, 1999, Employer offered Claimant a full-time position at another of Employer's work sites, at a rate of pay exceeding that of Claimant's pre-injury position. On November 8, 1999, Claimant appeared at the specified work site of Employer. After working for over two hours on completing paperwork related to her new position, Claimant left the job site after advising the project engineer that she was unable to continue working due to pain. Claimant did not thereafter return to work.

During the subsequent hearings on Employer's Petition before the WCJ, Employer amended its Petition to allege, in the alternative, that Claimant was offered modified-duty work beginning November 8, 1999, which Claimant failed to accept. Claimant did not object to Employer's amendment.

In a decision and order dated May 16, 2000, the WCJ found, *inter alia*, that Employer had offered an available position to Claimant as of November 8, 1999, and that said position was within Claimant's physical and medical capabilities. The WCJ concluded that Claimant had failed to satisfy her burden of establishing that she had failed to accept Employer's offer in good faith, and therefore granted Employer's Petition, suspending Claimant's benefits effective November 8, 1999.

Claimant timely appealed the WCJ's order to the Board, which affirmed. Claimant now petitions this Court for review of the Board's order.

This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

In seeking a modification of compensation benefits, "[t]he employer has the burden of showing that the disability has ended or has been reduced and that work is available to the claimant and the claimant is capable of doing such work." *Celio v. Workmen's Compensation Appeal Board (Canonsburg General Hospital)*, 109 Pa.Cmwlth. 442, 531 A.2d 552, 553 (1987), *petitions for allowance of appeal denied*, 518 Pa. 628, 541 A.2d 1139 (1988). In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987), the Supreme Court set forth the following procedure for the return to work of injured employees:

> 1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Employer also filed a request for supersedeas, which was denied by a WCJ order dated November 17, 1999.

must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

■ Claimant first argues that the Board erred in concluding that Employer met its burden of proof in offering the position at issue to Claimant, in that the November 8, 1999 offer was one of a non-union position. Claimant asserts that, as a matter of law, such an offer of a non-union position to a union member claimant is insufficient, and does not constitute an offer of available employment.

■ In support of her argument, Claimant cites to *ABF Freight Systems, Inc. v. Workers' Compensation Appeal Board (Iten),* 744 A.2d 348 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 568 Pa. 667, 795 A.2d 979 (2000), in which this Court emphasized the Supreme Court's determination that there is no suitable substitution for certain union benefits. In that precedent, we held that an employer's offer of a non-union position was unavailable under facts showing that the claimant stood to lose certain union benefits if the non-union position was accepted. *ABF Freight,* 744 A.2d at 351–352. Claimant, however, has failed to take note of the language in that opinion stating that the Supreme Court, in *St. Joe Container Co. v. Workmen's Compensation Appeal Board*

*(Staroschuck),* 534 Pa. 347, 633 A.2d 128 (1993), did not advance a bright line test automatically rendering the offer of any non-union position to a union claimant as unavailable under *Kachinski.* *ABF Freight,* 744 A.2d at 352, fn. 6. In *ABF Freight,* we specifically adopted a "subjective analysis of the entire array of benefits available through union membership when assessing the availability of a non-union position to a unionized claimant under *Kachinski.*" *Id.* (citation omitted). Under *ABF Freight,* therefore, an offer of a non-union position to a union claimant is unavailable as a matter of law only upon a showing that the acceptance of such an offer would result in a loss of union benefits or status.

In the instant case, Claimant has failed to cite to any evidence of record showing that Claimant would lose any union benefit or status, or would be harmed in any way whatsoever by accepting the non-union position at issue. As distinguished from the facts at issue in *ABF Freight* and *St. Joe Container,* Claimant's failure to produce or enter any such evidence results in a failure to establish the non-union position as unavailable, and the Board did not err in so concluding.

■ Claimant next argues that Employer's failure to provide any descriptive information in its November 3, 1999 letter to Claimant offering the non-union position, and that letter's failure to include any particular information as to what time to report to work to the non-union position, are not specific enough to constitute a proper offer under *Kachinski* and its progeny. Claimant further argues that Employer's failure to include a completed Ability to Return to Work Form[3] also

3. *See* Section 306(b)(3) of the Act, 77 P.S. § 512(3), and 34 Pa.Code § 123.301.

renders the offer insufficient under *Kachinski* and the cases [4] interpreting it. Claimant, however, has failed to preserve this issue for our review by failing to present it before the Board; therefore, we will not address it. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Cmwlth. 587, 562 A.2d 437 (1989) (issues not raised before the Board are deemed waived).

▪ Claimant next asserts that the November 8, 1999 position offered to her was unavailable because the position is not within her geographical area. As support, Claimant cites primarily [5] to *Karpulk v. Workers' Compensation Appeal Board (Worth and Co.)*, 708 A.2d 513 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 557 Pa. 633, 732 A.2d 617 (1998), which held that the unreasonable length and nature of a commute may serve to render a job offer unavailable under *Kachinski*. In *Karpulk*, the claimant's round trip commute was increased from a three-hour duration to a five-hour duration, and further complicated by that claimant's medical instructions to stop and stretch his injured back every twenty minutes during the commute. *Karpulk*, 708 A.2d at 515. Under the instant facts, Claimant's commute is increased in each direction from 60 miles to 68 miles, and there are no facts on the record indicating any other complications beyond that minimal increase in mileage. Reproduced Record (R.R.) at 113a–116a. Applying *Karpulk's* totality of the circumstances analysis [6] to the facts *sub judice*, and in light of the negligible difference in the length of Claimant's prior commute in relation to the required commute for the offered position, the Board did not err in concluding as a matter of law that the November 8, 1999 position was within Claimant's geographical area for purposes of availability under *Kachinski*.

▪ Finally, Claimant argues that the Board erred in finding that the November 8, 1999 position offered by Employer was within Claimant's medical restrictions. Claimant cites to the testimony of her physician, Dr. Marrero, as establishing that Claimant was disabled from the offered position or any other position, and that Dr. Marrero would not release Claimant to return to work of any kind on the day after Claimant's aborted attempt to perform the November 8, 1999 position. Claimant, however, does not acknowledge the WCJ's specific determination that Dr. Marrero's opinion on Claimant's ability to perform her pre-injury job, and on Claimant's ability to perform the duties of the offered position, was not persuasive. WCJ Opinion, Finding 18. The WCJ, as the ultimate fact finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.

---

**4.** *See, e.g., Hoover v. Workers' Compensation Appeal Board (Harris Masonry, Inc.)*, 783 A.2d 886 (Pa.Cmwlth.2001).

**5.** We note that the other precedents cited by Claimant on this issue are distinguishable from the instant facts to such a degree as to not hold any persuasive value.

**6.** In *Karpulk*, this Court applied a totality of circumstances approach to the individual fact pattern in determining whether the offered position was actually available under *Kachinski*, and in concluding whether that particular job was appropriate for a reasonable person in the position of the claimant for purposes of an employer's modification petition. *Karpulk*, 708 A.2d at 516 (citations omitted).

Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991). As such, we will not disturb the WCJ's credibility determination regarding Dr. Marrero's testimony, and Claimant's argument on this point therefore fails.

Claimant also cites to the testimony of Drs. Boyle and Bookwalter, who Claimant asserts testified that Claimant was possibly not able to perform the duties of the offered position. Claimant, however, does not acknowledge the specific testimony of those Doctors that directly stated that Claimant was able to return not only to the offered position without restrictions, but to her pre-injury position as well.[7] R.R. at 129–135a, 276a–280a. That testimony was accepted by the WCJ as credible, and will not be disturbed by this Court. *Valsamaki.*

Accordingly, we affirm.

### *ORDER*

AND NOW, this *5th* day of *June,* 2002, the order of the Workers' Compensation Appeal Board dated October 23, 2001, at A00–1372, is affirmed.

---

[7]. We note that Claimant does not argue that Dr. Boyle's or Dr. Bookwalter's testimony was equivocal; notwithstanding, our review of the record as a whole reveals that it was not, and that both doctors testified to a reasonable degree of medical certainty that Claimant was able to perform the duties at issue. R.R. at 129–135a, 276a–280a.