531 A.2d 552

Dorothy Celio, Petitioner *v.* Workmen's Compensation Appeal Board (Canonsburg General Hospital and Liberty Mutual Insurance Company), Respondents.

Argued May 22, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*M. Scot Curran, Saxton & Curran,* for petitioner.

*Harry J. Klucher,* with him, *Terry L. M. Bashline, Baginski & Bashline,* for respondent, Canonsburg General Hospital.

OPINION BY JUDGE BARRY, September 21, 1987:

This is an appeal by petitioner, Dorothy Celio, from an order of the Workmen's Compensation Appeal Board (Board) reversing the order of a referee which granted continuing benefits to petitioner.

Petitioner was employed as a nurse's aide for Canonsburg General Hospital (employer). She sustained a compensable "back sprain" on April 14, 1980 and received compensation pursuant to a notice of compensation payable. A final receipt was executed on August 11, 1980. A supplemental agreement was executed on April 9, 1981, setting forth that the April 14, 1980 injury had recurred. On September 8, 1981, another supplemental agreement was executed in which petitioner averred that she was no longer disabled from the back sprain but had developed tuberculosis. Compensation for her April 14, 1980 back sprain was suspended. Petitioner subsequently filed a petition for review regarding the April 14, 1980 injury and a claim petition regarding the tuberculosis.[1] The referee found that "claimant worked as a nurse's aide at the defendant's hospital and in her contact with tuberculosis patients she was exposed to tuberculosis". In his critical finding, Finding of Fact No. 11, the referee found claimant to be totally disabled as a result of this exposure from August 27, 1981 to December 22, 1982, when she was released for work. However, because employer refused to permit claimant to return to work and failed to show that any other work was available to claimant, the referee ordered that

---

[1] The referee dismissed the petition for review. Petitioner did not appeal this decision.

weekly disability benefits commence on August 27, 1981 and *continue into the future*. On appeal to the Board, the employer prevailed when the Board found that the referee had improperly considered the issue of work availability since he had already determined that disability had ceased. The Board then set December 22, 1982 as the date the disability terminated and benefits ceased. On appeal, petitioner argues that a denial of benefits here is grossly unfair. She argues that, since employer refused to permit her to return to her former position because of her tuberculosis, she cannot now be denied benefits on the basis that she is not disabled.

The employer has the burden of showing that the disability has ended or has been reduced and that work is available to the claimant and claimant is capable of doing such work. *Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association*, 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977). In cases where the employer effectively proves that a claimant's disability has been removed altogether it is not required to prove that suitable work was available to the claimant because it can be presumed that employment is generally available to able-bodied persons. *Fashion Prints v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 250, 425 A.2d 1221 (1981).

The referee's findings show that claimant worked directly with tuberculosis patients, contracted the disease as a result of this exposure, and became disabled. The employer, however, through its medical expert, maintained that claimant was disabled for a short period of time only and then was able to return to work. The employer nevertheless refused to permit her to return *solely because of her tuberculosis*. This position of the employer has effectively left claimant without work or continuing benefits. We hold that the Board erred as a

matter of law when it concluded that claimant was not totally disabled. The employer is required under these circumstances to show that *suitable* employment is available to the claimant. To hold otherwise we feel would betray the remedial and humanitarian purpose of the act. Here employer asserts that claimant is not permitted to return to employer's place of business *because* of a compensable occupational disease contracted at employer's place of business. The denial of benefits under these circumstances without proof that other work is accessible to claimant would be repugnant to, and a circumvention of, the purpose of the Act. If the employer has taken such a position it is forseeable that the rationale used by this employer who refused to re-hire her may be the same as that of a prospective employer who might similarly reject her as a candidate for employment. This may be especially true since claimant, a hospital worker, has little training in other areas and thus her primary job market would be with hospitals. Whether claimant's tuberculosis is in a latent stage which permits her to work is immaterial if the fact that she is a carrier of the disease will prevent her from securing alternate employment. In so holding we do not believe we are imposing unreasonable expectations upon the employer. We are not asking the employer to provide benefits to one who is not disabled and able to work—only to prove that given the nature of the claimant's disease, there is suitable work available to her. As the late Justice MUSMANNO stated:

> [T]he law does not require that the claimant must visit every building and house in his community to inquire if he is needed as an elevator operator or engineer on a power lawn mower. If light work is available, it is easier for the defendant to prove its existence than for the claimant to prove its non-existence.

*Petrone v. Moffat Coal Company,* 427 Pa. 5, 11-12, 233 A.2d 891, 895 (1967). Inasmuch as the employer refused to permit claimant to return to work because of the nature of her disease, the only conclusion which can be drawn is that claimant must engage in limited types of employment specifically suited to her physical condition. We have, in the past, placed the burden on the employer to show that such specialized employment is available to the claimant because its general availability cannot be presumed and failure to present such evidence entitles claimant to a finding of total disability. *Petrone.*

. In *Lash v. Workmen's Compensation Appeal Board,* 491 Pa. 294, 420 A.2d 1325 (1980), the claimants were diagnosed as suffering from lead poisoning and transferred to positions which provided protection from continued exposure to lead but with lesser pay. Our Supreme Court granted benefits because the employees showed that they had a work-related injury and diminished earning power. We cannot deny benefits in the present case on the grounds that there is no evidence of diminished earning power, when instead of transferring the claimant to a lesser position, employer refused to re-hire her for reasons related to her work-related occupational disease.

We believe the case *Gregorious v. Workmen's Compensation Appeal Board (European Health Spas),* 87 Pa. Commonwealth Ct. 86, 486 A.2d 564 (1985), is distinguishable. In *Gregorious* this Court ruled that a claimant who developed a dermatitis condition as a result of direct exposure to chemical cleaning irritants was not entitled to benefits because, contrary to the claimants in *Lash,* she failed to show that the dermatitis continued to be disabling. However, in *Gregorious,* an intervening disease, rheumatoid arthritis, unrelated to claimant's work, had become the cause of that claimant's

then disability. In the present case the referee made specific findings that claimant was disabled as a result of tuberculosis and this tuberculosis was contracted at claimant's work environment.

For these reasons we reverse the order of the Board and direct that claimant receive benefits for total disability.

## ORDER

Now, September 21, 1987, the order of the Workmen's Compensation Appeal Board, dated February 21, 1986, at No. A-89559, is reversed.