646 A.2d 51

**INNOVATIVE SPACES, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL
BOARD (DeANGELIS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided July 19, 1994.

Reargument Denied Sept. 8, 1994.

David L. White, Bonnie Bay Callahan, for petitioner.

Andrea J. Colton, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Innovative Spaces, Inc. (Employer) petitioned for review of an order of the Workmen's Compensation Appeal Board (WCAB) amending a referee's decision granting disability benefits to George DeAngelis (Claimant) for a limited period. The WCAB amended the order to reflect a different date of termination. In an unpublished opinion, dated November 22, 1993, this court affirmed the WCAB. We subsequently granted Employer's application for reargument and now reverse the WCAB order and reinstate the referee's original decision.

Claimant sustained a back injury on April 19, 1988 while working for Employer as a construction worker. Claimant filed a Claim Petition; Employer filed an answer denying all material allegations. A hearing was held before a referee.

In support of his petition, Claimant testified that on April 19, 1988, while standing on a bucket to frame a doorway, he fell and landed on his back. Claimant also offered the deposition testimony of Dr. Nicholas Renzi, who testified that Claim-

ant suffered cervical, thoracic and lumbar sprain and strain caused by the April 19, 1988 incident, for which he received physical therapy in Dr. Renzi's office. The last time Claimant was examined by a doctor in Dr. Renzi's office was April 30, 1988. The last date Claimant had physical therapy was June 6, 1988. Although Dr. Renzi stated on direct examination that Claimant was "not able for gainful employment," (R.R. at 58a), he admitted on cross-examination that he could only testify that Claimant was unable to work from April 19 until June 6, 1988, at which point his medical records ended. (R.R. at 67a, 71a.)

In opposition to Claimant's petition, Employer offered the deposition testimony of Dr. John R. Duda, who examined Claimant on July 24, 1989. Dr. Duda opined that Claimant was fully recovered from any injury by that date. Employer also presented the testimony of John Shockley, who testified that Claimant worked for him at Berman Development, first as a carpenter, and later as a laborer, from August 19, 1988 until October 7, 1988. Mr. Shockley testified that during that time Claimant carried heavy objects and never complained of pain. Further, Shockley stated that Claimant ultimately was terminated from his employment with Berman Development because he lacked the skills to perform the job.

The referee determined that Claimant was disabled from April 19, 1988 to June 6, 1988 and granted Claimant's claim petition for that limited time period, ordering benefits to be terminated thereafter.

Claimant appealed to the WCAB, alleging that there was no evidence to support the referee's findings and conclusions that Claimant's disability terminated on June 6, 1988 and claiming that the referee could not terminate compensation prior to the date on which Employer's physician examined Claimant. The WCAB agreed and, by order of November 25, 1992, amended the referee's decision to reflect a termination date of July 24, 1989.[1]

1. In reversing the referee, the WCAB stated;

Employer filed a petition for clarification and reconsideration of the WCAB's order, averring that the WCAB erred in misallocating the burden of proof, in amending the termination date and in failing to credit Employer for the wages Claimant earned while working for Berman Development. Employer also filed a timely petition for review before this court on December 21, 1992. On February 9, 1993, in response to Employer's petition for clarification and reconsideration, the WCAB amended its November 25, 1992 order to include a credit to Employer for the period Claimant worked for Berman Development but left the termination date as July 24, 1989.[2]

> In this matter it is clear that Claimant met his burden of proving that he sustained an original work related injury on April 19, 1988. The Referee in this matter, however, has erred in terminating the benefits as of June 6, 1988, the last day that Claimant was seen by Dr. Renzi's office. *The burden of proof in a Termination Petition is upon Defendant. The burden is to show that all disability as a result of the work injury has ceased or that any continued disability is not work related.* McGinley v. Workmen's Compensation Appeal Board, 77 Pa.Cmwlth. Ct. 214, 465 A.2d 147 (1983). That is, the Employer has the burden of showing that the disability has ended or has been reduced and if only reduced, that work is available to Claimant. *Celio vs. Workmen's Compensation Appeal Board,* [109 Pa.Cmwlth. 442] 531 A.2d 552 (1987). The only evidence submitted by Defendant in regards to the termination of benefits in the present matter was the deposition testimony of Dr. John Duda who examined Claimant on July 24, 1989, and could only opine that as of that date Claimant had fully recovered from any injury he may have sustained in the April 19, 1988 accident. Therefore, it was improper for the Referee to make a finding of ex post facto determination when the first medical evidence submitted by Defendant was that as of July 24, 1989, Claimant was recovered.

(WCAB opinion of November 25, 1992 at 3; R.R. at 182a.) (Emphasis added.)

2. In its opinion of February 9, 1993, the WCAB stated:

> Defendant asserts that the burden of proof in a Claim Petition is on Claimant to demonstrate not only that there has been a work-related injury but also that the work-related injury continues to cause disability throughout the pendency of the Claim Petition. *This is not the law.* The burden is limited to proof that the work-related injury originally caused disability. Thereafter, the burden is in Defendant to prove that the disability has terminated or modified. The Board correctly described that burden in its opinion of November 25, 1992. Defendant did not carry that burden until Claimant was examined by Defendant's physician on July 24, 1989.

On appeal to this court,[3] Employer contended that the WCAB erred in amending the referee's decision to reflect a termination date of July 24, 1989 because (1) there was substantial evidence to support the referee's finding that Claimant's disability terminated on June 6, 1988; and (2) the WCAB incorrectly placed the burden of proof on Employer to establish the date on which Claimant's disability terminated.

In an unpublished opinion affirming the WCAB,[4] we held that the referee's finding that Claimant's disability ended on June 6, 1988 was not supported by substantial evidence. We noted that total disability is presumed to continue unless and until competent examination and testimony disclose otherwise, *MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988), and reasoned that because July 24, 1989, the date on which Dr. Duda found Claimant to be fully recovered, was the earliest date for which competent evidence of Claimant's recovery was presented, Claimant was entitled to benefits until that date. Having thus concluded, we did not address Employer's second argument that the WCAB improperly allocated the burden of proof. Employer filed a timely request for reargument which we granted. Following the submission of new briefs and oral argument, the matter is again ready for our disposition.

Employer argues that because this was a claim petition proceeding and not a termination petition proceeding, the WCAB erred in shifting the burden to Employer to prove that Claimant had fully recovered. In fact, Employer contends that the WCAB decision contravenes the rule of law established in the recent decision of *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d

(WCAB opinion of February 9, 1993 at 2–3; R.R. at 189a–90a.) (Emphasis added.)

3. Our scope of review is to determine whether the necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Judge Lord filed a dissenting opinion in that case.

592 (1993), in which our Supreme Court held that in a claim petition proceeding, the burden of proof remains with the employee *throughout the entire proceeding* to establish a right to compensation and prove all necessary elements to support an award.

*Inglis House* involved a claim petition proceeding for a claimant who was injured at work on January 3, 1987, but who had returned to work temporarily from October 17, 1988 until March 11, 1989. The referee awarded the claimant total disability benefits from January 3, 1987 through October 16, 1988 and partial benefits thereafter. The referee determined that total benefits should not resume when the claimant ceased work on March 11, 1989, based on a finding that she left that employment voluntarily. The WCAB sustained the claimant's appeal and reinstated total disability benefits as of March 12, 1989, concluding that the referee's findings did not support a determination of partial disability after March 11, 1989. Our court affirmed, stating that once a claimant discharges the burden of proving that because of his injury he is unable to return to his pre-injury job, the employer bears the burden of proving a change in disability and the availability of work within the claimant's capabilities, citing *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

On appeal to the Supreme Court, the employer argued that *Kachinski* was inapposite because it applied to modification proceedings, in which the employer bears the burden of proof. The employer reasoned that because the claimant bears the burden in an initial claim for benefits, it was improper to shift that burden to the employer before the ultimate issue in the claim petition proceeding had been decided. Our Supreme Court agreed and reversed, stating:

> The error in the reasoning of the Board and Commonwealth Court is that, viewing the referee's findings of fact with hindsight, it artificially bifurcates the proceedings and as a result improperly shifts the burden of proof. The employer correctly asserts that in a claim proceeding, the employee bears the burden of establishing a right to com-

pensation and of proving all necessary elements to support an award. *Fox v. Workmen's Compensation Appeal Board,* 30 Pa.Commw. 93, 373 A.2d 141 (1977). Although with hindsight we may say that the claimant produced evidence establishing that she had suffered a compensable injury, this is not the same as saying that she carried her burden of proof with respect to the proceeding.

*Inglis House,* 535 Pa. at 140, 634 A.2d at 595.

Recognizing that the burden of proving entitlement to compensation rests with the claimant throughout the claim petition proceeding, the Court concluded that the referee's findings of fact were supported by competent evidence and that the WCAB erred in determining that the employer's lack of medical evidence on the question of the claimant's ability to work after March 11, 1989, amounted to an absence of substantial evidence to support the referee's finding.

■ We agree with Employer that here, as in *Inglis House,* the WCAB prematurely shifted the burden of proof from Claimant to Employer. As *Inglis House* has now clearly established, the burden of proof in a claim petition rests on the claimant to demonstrate not only that he has sustained a compensable injury but also that the injury continues to cause disability throughout the pendency of the claim petition; after June 6, 1988, Claimant failed to meet that burden.

■ Based on the testimony of Claimant's medical expert, Dr. Renzi, the referee concluded that Claimant sustained a work-related injury on April 19, 1988. However, Dr. Renzi's testimony was limited; he stated only that Claimant was unable to work from April 19, 1988 until June 6, 1988, but would render no opinion regarding Claimant's condition beyond that time. (R.R. at 67a, 71a, 76a.) Thus, the referee rejected Dr. Renzi's opinion as not credible and terminated benefits as of June 6, 1988.[5] Employer contends that because

5. In this regard, the referee's decision is problematical and confusing because he specifically found

2. On April 19, 1988 Claimant fell off a bucket and injured his back.

of this rejection of evidence, Claimant did not meet his burden of proof for the period after June 6, 1988 because there was no substantial, competent evidence remaining that disability continued after that date. We agree.

■ As previously discussed, this was a claim petition, not, as the WCAB erroneously stated, a termination petition where the burden would obviously be on Employer to produce evidence that Claimant recovered. In deciding a claim petition, a referee must be free to determine the chronological length of

4. In support of his petition Claimant presented the deposition testimony of Dr. Nicholas M. Renzi. In opposition to the petition Defendant presented the deposition testimony of Dr. John R. Duda.
6. Dr. Renzi opined that the injuries were sustained as a result of the accident that occurred on April 19, 1988. The doctor also opined that the Claimant could not return to his pre-injury work.
7. Claimant was examined for the final time on April 30, 1988. Claimant's last date for physical therapy was June 6, 1988.
10. Dr. Duda felt that the Claimant had fully recovered, had no evidence of residual disability and was able to return to work.
12. *The referee rejects the opinion of Dr. Nicholas M. Renzi.*
13. The referee accepts the opinion of Dr. Duda.

(Referee's Findings of Fact, Nos. 2, 4, 6, 7, 10, 12, 13; R.R. at 175a–76a.) (Emphasis added.)

However, the referee awarded benefits to Claimant from April 19, 1988 to June 6, 1988, stating

11. Based on the evidence presented the referee finds:
a. Claimant suffered a cervical, thoracic and lumbar sprain and strain as a result of an accident on April 19, 1988 that occurred in the normal course of his employment.
b. Claimant's physical condition prevented him from returning to his employment with the Defendant from April 19, 1988 to June 6, 1988.
2. The Claimant has established with his own testimony and that of competent expert that he became disabled due to his injuries on April 19, 1988. It has been established that his physical condition prevented him from returning to work until June 6, 1988.

(Referee's Finding of Fact, No. 11 and Conclusion of Law, No. 2; R.R. at 176a.)

Based on these findings, the only way to reconcile the referee's award of benefits up to June 6, 1988 is to conclude that the referee believed Dr. Renzi's testimony, the sole supporting medical evidence of Claimant's claim, insofar as Claimant's disability continued until June 6, 1988 but disbelieved Dr. Renzi insofar as Claimant's future disability was concerned. A referee is free to accept a witness' testimony in whole or in part. *Jasper v. Workmen's Compensation Appeal Board*, 58 Pa.Commonwealth Ct. 208, 427 A.2d 740 (1981). We are unaware of any law compelling a referee to continue benefits beyond the date that he finds disability no longer exists.

the disability if for good reasons he disbelieves a claimant's medical witness. Such reasons exist here where Dr. Renzi's testimony supplies the sole basis for a showing that disability continues beyond a certain date, and Dr. Renzi admitted that his medical records on Claimant ended as of June 6, 1988, so that he could not give a medical opinion on Claimant's condition after that date.[6] Hence, Claimant presented no credible or competent medical evidence that he was disabled after June 6, 1988.

Accordingly, because the referee correctly ended Claimant's entitlement as of June 6, 1988, we reverse the order of the WCAB and reinstate the referee's decision.

## ORDER

AND NOW, this 19th day of July, 1994, we hereby reverse the Workmen's Compensation Appeal Board's order of November 25, 1992 and reinstate the decision of the referee.

---

6. In addition, Claimant returned to work from August 19, 1988 until October 7, 1988. The testimony of John Shockley, accepted by the referee, indicates that Claimant left that job for reasons other than disability. Thus, it makes no sense to uphold the WCAB's determination of disability until July 24, 1989 and, thereby, grant Employer a credit only for the period between August and October 1988. It is interesting to note that this would be true even under Claimant's version of the *Inglis House* holding. Although we do not construe the holding of *Inglis House* so narrowly, Claimant contends that in *Inglis House*, the Court held that in a claim petition, the burden of proof remains with the claimant to show disability resulting from a work injury; and where the claimant chooses to return to work and then leaves, it is the claimant's burden to show that the reason for leaving is due to disability. On this basis, Claimant argues that the referee improperly terminated benefits on June 6, 1988 because it was not a date on which claimant either returned to work or was examined and found to be fully recovered. (Claimant's brief at 9–10.) Thus, even according to Claimant, the proper termination date under *Inglis House* would not have been July 24, 1989, but, rather, would have been October 7, 1988, the date Claimant returned to work.