IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Murach, :
               Petitioner :
 :
      v. : No. 877 C.D. 2017
 : Submitted: December 29, 2017
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania), :
              Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: March 5, 2018

        Kenneth Murach (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) granting him disability benefits for a closed period of time. The Board affirmed the determination of the Workers' Compensation Judge (WCJ) that Claimant did not establish a work-related disc herniation, but he did establish work-related lumbar back pain. The WCJ found, however, that Claimant's back pain resolved during the pendency of the claim petition. Claimant's appeal relates solely to whether the evidence of record supports the WCJ's finding that his lumbar back pain has fully resolved. We affirm.

        On March 16, 2014, Claimant sustained an injury to his neck and shoulders (original injury) in the course and scope of his employment as a boiler operator for the Department of Public Welfare (Employer). Employer issued a Notice of Compensation Payable (NCP) accepting liability for the injury in

accordance with the Workers' Compensation Act (Act).[1]  Employer paid Claimant disability compensation until May 5, 2014, when he returned to work at a modified position with no loss of wages.  At that point, Employer issued a Notice of Suspension.

Claimant did modified work as a painter through July 28, 2014.  On December 15, 2014, he filed a claim petition alleging that he had sustained an injury to his back from painting.  The petition alleged the repetitive bending required for painting had aggravated Claimant's underlying lumbar degenerative disc disease.

On March 9, 2015, Claimant filed a reinstatement petition, alleging that his original injury recurred as of February 19, 2015.  The parties agreed to a reinstatement of disability compensation for Claimant's original injury.  Consistent with the reinstatement as of February 19, 2015, the parties limited the disability compensation to a closed period, *i.e.*, July 28, 2014, through February 18, 2015.  The WCJ then conducted a hearing on Claimant's allegation that he had suffered a separate work injury from his work as a painter.

Claimant testified that because he painted handrails, safety poles, stairways and fire hydrants, most of the work was done at "waist height."  Notes of Testimony (N.T.), 8/4/2015, at 19; Reproduced Record at 30 (R.R. __).  This meant he had to bend over or squat throughout the day.  Eventually, Claimant began having back pain while painting.  He did not recall a specific event that triggered the pain.

Claimant sought treatment from his chiropractor and then from his family doctor, Mary Sokach, D.O.  On July 27, 2014, he went to the emergency room because of the pain.  Claimant went to work the following day but could not complete his shift.  He saw Dr. Sokach, who prescribed physical therapy and directed

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

2

him not to work. Claimant has consulted with several doctors regarding his back pain, but it continues.

Claimant testified that he has experienced mild back pain over the years and sought chiropractic treatment when "[s]omething didn't feel quite right." N.T., 8/4/2015, at 24; R.R. 35. However, he never missed more than one day of work, and the back pain usually resolved with one or two adjustments by the chiropractor.

Claimant submitted a magnetic resonance imaging (MRI) report of his lumbar spine done on August 29, 2014, as well as a return to work certificate from Dr. Sokach, dated October 2, 2014. Claimant also offered two physician reports.

The first was done on October 23, 2014, by Carlo M. de Luna, M.D. Dr. de Luna found that Claimant had a full range of motion of the lumbar spine, with no tenderness or signs of a specific radiculopathy or myelopathy. After reviewing the MRI results, Dr. de Luna noted that Claimant had a degenerated disc and mild central canal stenosis. He surmised that Claimant's pain was "secondary to either musculoskeletal strain or a small herniated disc." R.R. 82.

The second medical report was dated July 27, 2015, and done by Joseph Paz, D.O. Dr. Paz examined Claimant on November 11, 2014, and diagnosed Claimant with sacroiliitis, lumbar radiculitis, lumbar herniated disc, lumbar disc degeneration and lumbago. He opined that Claimant's lumbar herniated disc occurred when Claimant "was bent over painting" on July 23, 2014, and, thus, was work-related. R.R. 61. Dr. Paz believed that the herniated disc was the cause of Claimant's "severe back pain and right leg pain." *Id*. at 63.

Employer submitted a report from William Spellman, M.D. Dr. Spellman did an independent medical examination (IME) of Claimant on August 15, 2014. His physical exam did not reveal any ongoing low back problems.

3

Specifically, there was no evidence of tenderness or muscle spasms. Dr. Spellman opined that Claimant did not need further treatment for his back and could return to work without restrictions. On November 5, 2014, Dr. Spellman filed an addendum to this report. The addendum reported that after reviewing additional medical records, including the August 29, 2014, MRI report, the conclusions in his original report did not change.

The WCJ credited Claimant's testimony that his pre-existing back pain worsened following his return to work as a painter. However, he rejected Dr. Paz's opinion that Claimant suffered a lumbar herniated disc on July 23, 2014, while bending to paint. The WCJ did so because Dr. Paz's opinion conflicted with Claimant's testimony that no specific incident caused his back pain. The WCJ credited Dr. Spellman because his opinion was corroborated by the medical documents, including the examination by Dr. de Luna, who found that Claimant had "no palpable [back] tenderness" and "full range of motion both in flexion and extension of the lumbar spine." R.R. 82.

The WCJ found that Claimant experienced increased low back pain following his return to work. However, Claimant's medical evidence did "not establish ongoing disability with respect to [his] low back condition." WCJ Decision, 5/10/2016, at 7, Finding of Fact (F.F.) No. 17; R.R. 103. As such, the WCJ granted Claimant disability benefits from July 28, 2014, through August 15, 2014, (the date of the IME) after which they were terminated.

Claimant appealed to the Board, which affirmed the WCJ. Claimant petitioned for this Court's review and raises one issue.[2] Claimant contends that the

---

[2] Our review of an order of the Board determines whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error

4

record evidence does not support the WCJ's factual finding that he fully recovered from his low back injury as of August 15, 2014.

In this regard, Claimant argues that it was Employer's burden to prove he has fully recovered and is no longer disabled by the work injury. In support, Claimant cites *Campbell v. Workers' Compensation Appeal Board (Antietam Valley Animal Hospital)*, 705 A.2d 503 (Pa. Cmwlth. 1998). More specifically, Claimant argues that under *Udvari v. Workmen's Compensation Appeal Board (USAIR, Inc.)*, 705 A.2d 1290, 1291 (Pa. 1997), Employer had to prove that "all disability related to a compensable injury has ceased[,]" and Employer did not so prove. Further, under *Gillyard v. Workers' Compensation Appeal Board (Pennsylvania Liquor Control Board)*, 865 A.2d 991 (Pa. Cmwlth. 2005), Dr. Spellman's opinion was not competent because Dr. Spellman did not acknowledge his accepted work injury.

Employer responds that in a claim petition the burden of proof belongs to the claimant. Dr. Spellman's report did not address whether Claimant had sustained a low back injury in July 2014. Rather, Dr. Spellman's conclusion was that Claimant had no objective signs of a back injury at the time of the IME, *i.e.*, August 15, 2014. He did not address the question of whether Claimant sustained a back injury in July 2014.

The cases cited by Claimant all involve an employer's termination petition.[3] In that proceeding, "the employer bears the burden of proving that the

---

of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

[3] In *Campbell*, 705 A.2d at 503, the employer filed a termination petition, claiming the claimant had fully recovered from her accepted work-related injury. The injury had been previously accepted by the employer pursuant to an NCP. In *Udvari*, 705 A.2d at 1290, the employer filed a termination petition, claiming the claimant was fully recovered from her accepted work-related injury. The injury had been previously accepted by the employer pursuant to an NCP. In *Gillyard*, 865 A.2d at 991, the employer filed a termination petition, claiming the claimant had fully

5

claimant's disability has ceased or that any current disability is unrelated to the claimant's work injury." *Gillyard*, 865 A.2d at 995. However, this case concerns a claim petition. It is the claimant who bears the burden of proving a work-related injury and that "the injury continues to cause disability throughout the pendency of the claim petition…." *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994) (citing *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592 (Pa. 1993)). In a claim petition, the claimant retains the burden "*throughout the entire proceeding* to establish a right to compensation and prove all necessary elements to support an award." *Innovative Spaces*, 646 A.2d at 54 (emphasis in original). This includes "the chronological length of the disability[.]" *Id*. at 55.

Claimant testified that he had a history of occasional low back pain, which gradually worsened because of his painting duties. The pain made it impossible to work as of July 28, 2014. Claimant's medical expert, Dr. Paz, opined that on July 23, 2014, Claimant developed a lumbar herniated disc at work.

The WCJ rejected Dr. Paz's opinion because it conflicted with Claimant's credible testimony that "no specific incident or event" caused the pain. WCJ Decision, 5/10/2016, at 6, F.F. No. 16; R.R. 102. As such, the WCJ found that Claimant failed to prove by medical evidence that his herniated disc was work-related. At most, he suffered low back pain, which had resolved by the time of Dr. Spellman's examination on August 15, 2014.

Claimant argues that because the WCJ accepted his low back pain as work-related, Employer had to prove that his back pain terminated, and Dr. Spellman's report was insufficient to prove this fact. Claimant argues that the MRI

recovered from her accepted work-related injury. The injury had been previously accepted by the employer pursuant to an NCP.

showed severe narrowing of the disc space at L5-S1 and a prominent broad-based protrusion, which were not addressed by Dr. Spellman. However, the WCJ rejected Dr. Paz's report that Claimant sustained the herniated disc at work. Accordingly, Dr. Spellman did not have to address Claimant's disc herniation.

The WCJ accepted Dr. Spellman's conclusion that there was no objective evidence to support Claimant's subjective complaints of low back pain by the time of the IME. Claimant does not point to any evidence to contradict this opinion. Instead, Claimant argues that Dr. Spellman "had no objective medical evidence which would substantiate a full recovery and explain the nature of [Claimant's] continued complaints of pain." Claimant Brief at 28. However, Employer was not obligated to produce medical evidence of a full recovery. As reiterated by the WCJ, Claimant's burden "include[d] proving the duration of the disability[,]" and Claimant did "not establish ongoing disability with respect to [his] low back condition." WCJ Decision, 5/10/2016, at 7, F.F. Nos. 13 and 17; R.R. 102-103.

Accordingly, the Court affirms the adjudication of the Board.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Murach,                              :
        Petitioner                   :
                                     :
        v.                            : No. 877 C.D. 2017
                                     :
Workers' Compensation Appeal                 :
Board (Commonwealth of                       :
Pennsylvania),                               :
        Respondent                   :

## **O R D E R**

AND NOW, this 5th day of March, 2018, the order of the Workers' Compensation Appeal Board, dated June 9, 2017, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge