IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monica Leigey,                                    :
                                                 :
                        Petitioner               :
                                                 :
            v.                                    : No. 720 C.D. 2017
                                                 : Submitted:  December 29, 2017
Workers' Compensation Appeal                     :
Board (Reliant Senior Care                       :
Holdings, Inc. and HM Casualty                   :
Insurance Company),                              :
                                                 :
                        Respondents              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  April 26, 2018


        Monica Leigey (Claimant) petitions for review of the May 10, 2017
order of the Workers' Compensation Appeal Board (Board), which affirmed the
decision of a workers' compensation judge (WCJ) granting the termination petition
filed by Reliant Senior Care Holdings, Inc. (Employer).  We affirm.

        Claimant worked for Employer as a nurse's aide at Audubon Villa, a
nursing home, for 23 years.  While working on May 5, 2015, she slipped and fell,
striking her right hip and knee on the floor.  She experienced some pain in her hip
and knee but completed her shift.  Claimant continued working until May 9, 2015,
and she was off work from that date through July 12, 2015.

On June 30, 2015, Employer filed a notice of temporary compensation payable, acknowledging a May 5, 2015 work injury in the nature of a hip contusion. Claimant returned to full-time, light-duty work on July 13, 2015, and on July 15, 2015, Employer issued a notice stopping temporary compensation. On that same date, Employer also issued a medical only notice of compensation payable for a May 5, 2015 work injury in the nature of a hip contusion and a right knee injury.

Subsequently, effective September 2, 2015, Claimant was restricted to working four hours per day. On November 5, 2015, Claimant filed a claim petition asserting that she was totally disabled due to right hip and knee pain caused by the May 5, 2015 incident.[1]

At a December 21, 2015, hearing before the WCJ, Claimant testified that she began feeling back pain and right leg pain immediately after the May 5, 2015, slip and fall. She stated that she finished her shift, but her pain increased over the next few days and Employer referred her to Concentra for medical care. Claimant said that she was out of work from May 9, 2015, through July 12, 2015, and returned to light-duty work on July 13, 2015. Claimant stated that she continued to have ongoing pain in her right hip, right knee, and lower back. During this hearing, Claimant also amended the claim petition to reflect that she was seeking partial disability benefits from September 2, 2015, and ongoing, and to amend the description of the work injury to include aggravation of a pre-existing lumbar degenerative disc disease.

Claimant presented the March 8, 2016 deposition testimony of James P. Argires, M.D., who is board certified in neurological surgery. Dr. Argires testified

---

[1] When a medical-only notice of compensation has been issued, the employee must file a claim petition to establish disability. *Ingrassia v. Workers' Compensation Appeal Board (Universal Health Services, Inc.)*, 126 A.3d 394, 401-402 (Pa. Cmwlth. 2015).

2

that he began treating Claimant for a herniated disc in 2011 and that she has been seen at his practice intermittently for low back complaints. He noted that Claimant sought treatment for recurrent back pain, right leg pain, and numbness on April 27, 2015, and she underwent an MRI on April 29, 2015. Following the May 5, 2015 work injury, Claimant saw Dr. Thurman, a physiatrist with Dr. Argires's practice. Dr. Thurman ordered a new MRI, which was performed on June 19, 2015, and reflected no changes from the prior study.

Dr. Argires next saw Claimant on September 2, 2015, and he restricted her to working four hours per day. Dr. Argires stated that Claimant's most recent visit was on December 14, 2015, at which time he recommended that she continue her medication and begin physical therapy. Citing his review of Claimant's medical records, the history she provided, and his examinations, Dr. Argires testified that the May 5, 2015 work injury aggravated Claimant's pre-existing conditions related to prior disc surgery and that the work restrictions he initiated were related to that aggravation.

On March 25, 2016, Employer filed a termination petition[2] alleging that Claimant had fully recovered from her work injuries as of February 2, 2016.[3] In support of the termination petition, Employer presented the April 19, 2016 deposition testimony of John R. Donahue, M.D., a board certified orthopedic

---

[2] In a termination proceeding, the employer bears the burden of proving that the claimant's disability has ceased or that any current disability is not the result of the work injury. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 753 A.2d 293, 297 (Pa. Cmwlth. 2000). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from the work injury. *Id.*

[3] On April 1, 2016, Claimant filed a penalty petition alleging that Employer failed to pay partial disability benefits when the notice of temporary compensation payable acknowledged an injury and disability. The WCJ found that no violation of the Act occurred and denied the penalty petition. Claimant did not appeal that ruling.

surgeon, who conducted an independent medical examination (IME) of Claimant on February 2, 2016. Dr. Donahue testified that the April 29, 2015 MRI showed multi-level degenerative changes in the spine and that the MRI performed after the May 5th work injury revealed no structural changes. Based upon his physical examination and his review of Claimant's records and history, Dr. Donahue opined that Claimant had suffered a right knee injury and hip contusion on May 5, 2015, from which she had fully recovered as of February 2, 2016. Dr. Donahue testified that the work injury had completely resolved and that Claimant could return to unrestricted work duty.

The parties submitted the deposition transcripts of their respective expert medical witnesses at the April 27, 2016 hearing before the WCJ. Counsel for Claimant complained that Dr. Argires did not have Dr. Donahue's February 2, 2016 IME report when he testified, and, therefore, he was unable to testify on the issue of full recovery. Following discussion on the record, the WCJ determined that Claimant's counsel received Dr. Donahue's IME report on March 4, 2016, four days before Dr. Argires's deposition. The WCJ concluded that Claimant was on notice of Dr. Donahue's opinions concerning Claimant's full recovery when Dr. Argires was deposed and should have addressed that issue during his March 8, 2016 deposition.

At the conclusion of the April 27, 2016 hearing, counsel for both parties agreed that there was no need for an additional hearing,[4] and the hearing scheduled for May 4, 2016, was canceled. However, on June 29, 2016, Claimant's counsel wrote a letter to the WCJ requesting that the record be reopened to allow Claimant

_____

[4] Notes of Testimony, April 27, 2016, at 18, Reproduced Record at 81a.

4

to present additional deposition testimony of Dr. Argires to address the termination petition. The WCJ denied this request.

In a decision circulated July 15, 2016, the WCJ explained his denial of Claimant's request to reopen the record:

> This Judge notes that counsel for Claimant, by correspondence dated June 29, 2016, requested the record be reopened to allow for Claimant to present an additional deposition of Dr. Argires to address the Termination Petition. However, this issue was addressed at the April 27, 2016 hearing where it was determined that counsel for Claimant had been provided the IME report of Dr. Donahue on March 4, 2016, i.e., four days before the deposition of Dr. Argires, and as such, this Judge finds and concludes that Claimant was on notice of the opinions of Dr. Donahue when Dr. Argires was deposed and the issue of whether or not Claimant had fully recovered from the work injury should have been addressed at the March 8, 2016 deposition. This is especially true given the fact that in a Claim Petition, the burden of proof as to ongoing disability remains on Claimant during the entire pendency of litigation. In addition, counsel argues that Claimant was somehow denied the opportunity to testify concerning issues surrounding the Termination Petition. Again, this Judge notes that the parties were aware that an additional hearing had been scheduled for May 4, 2016. However, at the end of the April 27, 2016 hearing counsel for the parties agreed that there was no need for the May 4, 2016 hearing.

WCJ's Finding of Fact (F.F.) No. 10, Supplemental Reproduced Record at 94a (citations omitted).

The WCJ also set forth the witnesses' testimony in detail. F.F. Nos. 6-8. The WCJ credited Claimant's testimony with respect to the events of May 5, 2015, her course of medical treatment, and her complaints of ongoing, increased pain in her right leg following the fall. F.F. No. 9. The WCJ accepted Dr. Donahue's

5

testimony and opinions as more credible and persuasive than the testimony and opinions of Dr. Argires. *Id.* Based on those credibility determinations, and expressly according more weight to the expert medical evidence, the WCJ found that Claimant suffered an aggravation of her pre-existing lower back condition on May 5, 2015, from which she had fully recovered as of February 2, 2016. Accordingly, the WCJ granted Claimant's claim petition and awarded workers' compensation benefits commencing May 5, 2015, through February 2, 2016, and ordered benefits terminated effective February 2, 2016.

Claimant appealed to the Board, arguing that the WCJ erred in denying her request to present medical and lay evidence in opposition to Employer's termination petition. Claimant asserted that the WCJ failed to satisfy his obligations under the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges (Judges' Rules)[5] to allow for due process and presentation of evidence. Noting that Claimant's counsel had received Dr. Donahue's IME report before taking Dr. Argires's deposition, the Board affirmed the WCJ's decision.

On appeal to this Court,[6] Claimant again asserts that the WCJ's denial of her request to present evidence in defense of the termination petition violated her right to due process of law as well as the Judges' Rules. We disagree.

Generally, the "[a]dmission of evidence is committed to the sound discretion of the WCJ." *Atkins v. Workers' Compensation Appeal Board (Stapley in Germantown)*, 735 A.2d 196, 199 (Pa. Cmwlth. 1999). In addition, the WCJ has the

---

[5] 34 Pa. Code §§131.1-131.204.

[6] Our scope of review is limited to determining whether necessary findings were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Compensation Appeal Board (Indus. Metal Planting, Inc.)*, 873 A.2d 25, 28 n.1 (Pa. Cmwlth. 2005).

discretion to waive the Judges' Rules. *Id.*; *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262, 270 (Pa. Cmwlth. 1995).

In this appeal, Claimant acknowledges that her attorney received an email from Employer's counsel, with Dr. Donahue's February 2, 2016 IME report attached, on March 4, 2016. Claimant's brief at 11. There is no question that Claimant was on notice of Dr. Donahue's opinion of full recovery when Dr. Argires was deposed on March 8, 2016.

Nevertheless, Claimant complains that Employer did not provide notice of its intent to file a termination petition. Claimant argues that even if she had been informed of Employer's intent, Dr. Argires would not have been able to respond to Dr. Donahue's February 2016 report because Dr. Argires's last examination of Claimant, in December 2015, predated Dr. Donahue's IME. Claimant contends that Employer's filing of a termination petition on March 23, 2016, and its assignment to the WCJ, triggered Section 131.63 of the Judges' Rules[7] and required the WCJ to allow her 90 days to present additional evidence.

---

[7] In relevant part, Section 131.63 of the Judges' Rules states:

(a) An oral deposition may be taken at any time subsequent to 30 days after the date of assignment of the petition by the Department.

(b) Oral depositions shall be completed so as not to delay unreasonably the conclusion of the proceedings, and within a time schedule agreed upon by the parties and approved by the judge provided that medical depositions shall be completed as specified in subsections (c) and (e).

(c) The deposition of a medical expert testifying for the moving party shall be taken within 90 days of the date of the first hearing scheduled unless the time is extended or shortened by the judge for good cause shown. *The deposition of a medical expert testifying for*

7

However, in a claim proceeding, the claimant bears the burden of proving all of the elements necessary for an award of benefits, including the burden to establish the duration of disability. *Varghese v. Workmen's Compensation Appeal Board (City of Philadelphia, Dept. of Health)*, 682 A.2d 443, 445-46 (Pa. Cmwlth. 1996); *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). Consequently, a WCJ can terminate benefits within the context of a claim proceeding even when the employer never filed a termination petition. *Ohm v. Workmen's Compensation Appeal Board (Caloric Corp.)*, 663 A.2d 883, 885-86 (Pa. Cmwlth. 1995) (holding that, in a claim petition proceeding, a WCJ is authorized to award compensation for a work-related injury, and, in addition, to terminate benefits as of the date the disability ceased, even if a termination petition has not been filed, if the claimant has not carried his burden to establish a continuing disability). If the WCJ determines that the evidence supports a finding of disability only for a closed period, he or she is free to make such a finding. *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.)*, 624 A.2d 757, 759 (Pa. Cmwlth 1993). Significantly, in this case, Employer accepted liability only for medical expenses. Thus, there was no established disability, (i.e., loss of earning power), and Employer had no burden to prove that Claimant was not disabled by her work injury. *Ingrassia*, 126 A.3d at 402 n.13. Moreover, when presented with the opportunity to present further evidence at another hearing scheduled for May 4, 2016, Claimant indicated that the additional

---

*the responding party shall be taken within 90 days of the date of the deposition of the last medical expert testifying on behalf of the moving party.*

34 Pa. Code §131.63 (emphasis added).

hearing was not necessary. Notes of Testimony, April 27, 2016, at 18, Reproduced Record at 81a.

Claimant also argues that Employer's evidence was not sufficient to support the finding of a full recovery from the May 5, 2015 work injury. However, this argument was not raised in Claimant's appeal to the Board but instead is raised for the first time in Claimant's appellate brief. Failure to raise an issue before the Board constitutes a failure to preserve that issue for review by this Court. *Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Refining Co.)*, 703 A.2d 1080, 1081 n.3 (Pa. Cmwlth. 1997).[8]

Accordingly, we affirm.

 

 

MICHAEL H. WOJCIK, Judge

---

[8] In *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center),* 829 A.2d 730 (Pa. Cmwlth. 2003), we explained:

> It is well established that an issue is waived unless it is preserved at every stage of the proceeding. The strict doctrine of waiver applies to a workers' compensation proceeding. The purpose of the waiver doctrine is to ensure that the WCJ is presented with all cognizable issues so that the 'integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury' is preserved.

*Id.* at 734 (citations omitted).

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monica Leigey,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 720 C.D. 2017
                                        :
Workers' Compensation Appeal            :
Board (Reliant Senior Care              :
Holdings, Inc. and HM Casualty          :
Insurance Company),                     :
                                        :
                    Respondents         :

O R D E R

AND NOW, this 26th day of April, 2018, the order of the Workers'
Compensation Appeal Board, dated May 10, 2017, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge