## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cynthia Faulkner, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Ann's Choice, Inc. (Workers' | : | |
| Compensation Appeal Board), | : | No. 207 C.D. 2023 |
| Respondent | : | Submitted: February 6, 2024 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                                  FILED:  March 4, 2024

Cynthia Faulkner (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 9, 2023 order affirming the WC Judge's (WCJ) decision that denied Claimant's Claim Petition for WC Benefits (Claim Petition) and granted Ann's Choice, Inc.'s (Employer) Petition to Terminate WC Benefits (Termination Petition).  Claimant presents two issues for this Court's review: (1) whether the WCJ erred by denying Claimant's Claim Petition; and (2) whether the WCJ erred by failing to grant litigation costs to Claimant's attorney.  After review, this Court affirms.

On August 24, 2020, Claimant sustained a low back strain or tear in the course of her employment with Employer.  On September 4, 2020, Employer filed a Medical-Only Notice of Temporary Compensation Payable (NTCP) acknowledging medical liability for the injury.  On November 24, 2020, the medical-only NTCP converted to a medical-only Notice of Compensation Payable (NCP).  On June 17, 2021, Employer filed the Termination Petition, therein alleging that Claimant had

fully recovered from the work injury as of May 27, 2021. Claimant filed an Answer to the Termination Petition. On July 18, 2021, Claimant filed the Claim Petition, therein alleging that she sustained a lower back sprain/strain, and an aggravation of her degenerative disc disease of the lumbosacral spine as a result of the August 24, 2020 injury, and that the injury caused her to stop working on June 22, 2021. Employer filed a timely Answer to the Claim Petition.

The WCJ held hearings on July 22 and October 28, 2021, and March 21, 2022. On July 25, 2022, the WCJ denied Claimant's Claim Petition and granted Employer's Termination Petition. Claimant appealed to the Board. Claimant argued to the Board that the WCJ erred by denying her Claim Petition and failing to award litigation costs because the Claim Petition should have been granted. On February 9, 2023, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

Initially,

> [i]n an original claim petition, a claimant bears the burden of proving all of the elements necessary to support an award of benefits. *Inglis House v. Workmen's Comp[.] Appeal [Bd.] (Reedy)*, . . . 634 A.2d 592 ([Pa.] 1993). Thus, a claimant must establish that he sustained an injury during the course of his employment and that he is disabled as a result of that injury. *Id.* . . . . **The claimant's burden to prove disability never shifts to the employer and this burden remains with the claimant throughout the pendency of the claim petition**. *Coyne* [*v. Workers' Comp. Appeal Bd. (Villanova Univ.)*, 942 A.2d 939 (Pa. Cmwlth. 2008)]; *Innovative Spaces v. Workmen's Comp[.] Appeal [Bd.] (DeAngelis)*, 646 A.2d 51 ([Pa. Cmwlth.] 1994)[.]

---

[1] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

*Potere v. Workers' Comp. Appeal Bd. (Kemcorp)*, 21 A.3d 684, 689-90 (Pa. Cmwlth. 2011) (citation omitted; emphasis added).

Claimant first argues that the WCJ erred by not granting her Claim Petition. Specifically, Claimant contends that the undisputed record evidence demonstrates that she sustained a work injury and a disability because the work injury was recognized via a medical-only NCP, and the disability was shown by the fact that she did not return to her pre-injury job, but instead worked in a modified capacity. Employer rejoins that Claimant failed to sustain her burden of proving disability related to the work injury. Specifically, Employer retorts that the WCJ determined that Claimant and her medical expert were not credible with respect to any past and ongoing disability claim and the WCJ accepted the testimony of Employer's expert and fact witness supporting a lack of disability or earning power after the injury based upon Claimant's return to work without wage loss and full recovery as of May 27, 2021.

This Court has explained:

In [WC], the term "disability" is synonymous with a loss of earning power attributable to the work injury. *Landmark Constructors, Inc. v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Costello)*, . . . 747 A.2d 850, 854 ([Pa.] 2000). This means that "'we determine the degree of a worker's disability by reference to how the injury affected his *earnings*,' as opposed to looking to the extent of the employee's physical injuries." *Id*. (quoting *Kachinski v. Workmen's Comp*[.] *Appeal* [*Bd.*] *(Vepco Constr*[.] *Co.)*, . . . 532 A.2d 374, 378 ([Pa.] 1987)) (emphasis added). If an injured employee can no longer earn wages because of h[er] work injury, [s]he is considered totally disabled. [*See*] *Kmart v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Williams)*, 771 A.2d 82, 85 (Pa. Cmwlth. 2001).

*Palaschak v. Workers' Comp. Appeal Bd. (US Airways)*, 35 A.3d 1242, 1247 (Pa. Cmwlth. 2012).[2]  Further, Section 306(a.1) of the WC Act (Act)[3] expressly provides: "Nothing in this [A]ct shall require payment of compensation . . . for any period . . . during which the employe is employed and receiving wages equal to or greater than the employe's prior earnings."  77 P.S. § 511.1.

Here, Employer's Human Resources Manager Joann Crescenzo (Crescenzo) testified that after Claimant was injured, Claimant continued to work in transitional duty until December 2020, when she was out of work due to a non-work-related knee surgery.  *See* Reproduced Record (R.R.) at 199a-202a.  Crescenzo further related that Claimant returned to transitional duty on May 10, 2021, and continued to work until June 14, 2021.  *See* R.R. at 203a.  Claimant also testified that she was injured in September 2020, and went out of work on November 24, 2020, for a non-work-related knee surgery, until May 2021, when she returned to work until June 2021.  *See* R.R. at 303a-304a.

The WCJ found:

> 13. Having observed Claimant's demeanor at the videotape hearing and having reviewed the evidence of record in its entirety, [the WCJ] finds Claimant's testimony regarding the mechanism of injury is credible but her testimony regarding ongoing work-related disability is not credible.  In so finding, [the WCJ] notes that Claimant reported the work injury, received medical treatment and restrictions[,] and returned to work restricted duty without a wage loss.  She worked restricted transitional duty from September of 2020 to November 24, 2020[,] when she went out of work for non-work[-]related knee surgery.  As a result of this surgery, she remained out

---

[2] *Palaschak* was disapproved on other grounds in *Cozzone ex rel. Cozzone v. Workers' Comp. Appeal Bd. (Pa. Mun./E. Goshen Twp.)*, 73 A.3d 526, 538-39 (Pa. 2013).

[3] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

4

of work until [December 2020[4]]. From December of 2020 to May of 2021, Claimant never treated for her work injury. As of the [independent medical examination (] IME[)] on May 27, 2021, she was not in active treatment and was no longer taking medication or receiving physical therapy for her back. She did not seek treatment for her back until after the Termination Petition was filed on June 17, 2021. Four days later, on June 21, 2021, Claimant saw [Michael McCoy, M.D.,] at the referral of counsel. Additionally, the [functional capacity evaluation] was invalid due to evidence of symptom magnification.

. . . .

15. [The WCJ] finds the testimony of [] Crescenzo to be credible as it is consistent with the documentary evidence.

16. Claimant failed to meet her burden of proving that she sustained a disabling work-related back injury on August 24, 2020[,] that rendered her disabled thereafter. The Claim Petition will be denied and dismissed.

R.R. at 335a.

Because the WCJ determined that Claimant recovered from her work-related injury on May 27, 2021, and except for her time off for her knee surgery, Claimant worked at her full pay rate between her injury, on August 24, 2020, and her recovery therefrom, on May 27, 2021, Claimant did not meet her burden of proving a loss of earning power from her work-related injury. Accordingly, the WCJ properly denied Claimant's Claim Petition based on Claimant's failure to prove a disability from her work-related injury.[5]

---

[4] The WCJ's decision stated "May 10, 2021." R.R. at 335a. However, given the context of the sentence, and the testimony of Claimant and Crescenzo, that date was clearly a typographical error.

[5] Claimant also argues that the fact that Claimant became totally disabled on and after June 23, 2021, is medically and factually unrebutted as Employer did not have Claimant attend another IME after she stopped working; therefore, Claimant should have been awarded total disability benefits on and after June 23, 2021. *See* Claimant Br. at 13. However, because the WCJ determined that Claimant was fully recovered from her work injury on May 27, 2021, the fact that

5

Next, Claimant argues that the WCJ erred by failing to grant litigation costs to Claimant's attorney. Section 440(a) of the Act provides:

> In any contested case where the insurer has contested liability in whole or in part, . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings[.]

77 P.S. § 996(a).[6] "[A] claimant must prevail on the contested issue in order to be awarded litigation costs." *Lawhorne v. Lutron Elecs. Co., Inc. (Workers' Comp Appeal Bd.)*, 284 A.3d 239, 244 (Pa. Cmwlth. 2022) (quoting *Reyes v. Workers' Comp. Appeal Bd. (AMTEC)*, 967 A.2d 1071, 1078 (Pa. Cmwlth. 2009)). Here, Claimant did not prevail on the Claim Petition or the Termination Petition. Accordingly, the WCJ properly denied litigation costs.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

---

Claimant stopped working on June 23, 2021, is of no moment. Moreover, the WCJ credited Crescenzo's testimony that the modified-duty work along with her pre-injury job remained available to Claimant at her full pay rate even though she stopped working as of June 23, 2021, *see* R.R. at 204-208, as further proof of a lack of disability or loss of earning power.

[6] Added by section 3 of the Act of February 8, 1972, P.L. 25.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Faulkner,                 :
             Petitioner      :
                              :
         v.                :
                              :
Ann's Choice, Inc. (Workers'   :
Compensation Appeal Board),  :    No. 207 C.D. 2023
             Respondent    :

## O R D E R

AND NOW, this 4th day of March, 2024, the Workers' Compensation Appeal Board's February 9, 2023 order is affirmed.

_____

ANNE E. COVEY, Judge